UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONTRE KNIGHT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SACRAMENTO POLICE DEPT., DOG HANDLERS AARON THOMPSON, GARY DAHL, JOHN AZEVEDO,<br><br>　　　　Defendants. | No.  2:12-CV-0346 JAM-KJN<br><br>**ORDER DENYING DEFENDANTS' MOTION TO SEVER** |

　　This matter is before the Court on Defendants' City of Sacramento, Aaron Thompson, John Azevedo, and Gary Dahl's (collectively "Defendants") Motion to Sever (Doc. #15), pursuant to Rule 21 of the Federal Rules of Civil Procedure ("FRCP"). Plaintiffs VonTre Night, Robert Price, Ricky Lee Sims, Tommy Martinez, Todd Jamison, Jerry Tolliver, Shylow Thurman, Kevin Stern, and Jason Blevins (collectively "Plaintiffs") oppose the motion (Doc. #16).  Defendants filed a reply (Doc. #17).[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 7, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs are nine individuals who were bitten by K-9 units in Defendant City of Sacramento's police force. Second Amended Complaint ("SAC") ¶¶ 11-23. Each individual Plaintiff was bitten on a separate occasion. Two Plaintiffs were bitten by K-9 Bandit, who is handled by Defendant Dahl. SAC ¶¶ 12-14. Four Plaintiffs were bitten by K-9 Blitz, who is handled by Defendant Azevedo. SAC ¶¶ 19-22. One Plaintiff was bitten by an unidentified K-9 unit handled by Defendant Thompson. SAC ¶ 23. Two Plaintiffs were bitten by K-9 units handled by officers who are unidentified in the complaint. SAC ¶¶ 16, 18.

On February 9, 2012, the Court issued an order (Doc. #2) severing Defendants from a previous action (Dobrowski, et al. v. Sacramento City Police Department, et al. – 2:11-cv-01390-JAM-KJN) and creating the current action. Pursuant to that order, on March 7, 2012, Plaintiffs filed the SAC (Doc. #4) against Defendants. The SAC includes the following causes of action: (1) "Violation of Civil Rights under 42 U.S. 1983 by Dog Handlers;" (2) "Violation of Civil Rights under 42 USC 1983: Fourth Amendment violations by Defendant Handlers;" (3) "Violation of Civil Rights: Deliberate Indifference by Dog Handlers;" (4) "Violation of Bane Act, California Civil Code 52: Threats and Violence by Dog Handlers;" (5) "Intentional/Negligent Infliction of Emotional Distress by Dog Handlers;" (6) "Assault and Battery by Dog Handlers;" (7) "Negligence by Dog Handlers;" (8) "Negligent Training;" (9) "Negligent Supervision;" and (10) "Deliberate Indifference." Although not entirely clear from the face of the SAC, it appears that the first through seventh

causes of action are brought against the individual dog handlers (Defendants Thompson, Azevedo, and Dahl), whereas that the eighth through tenth causes of action are brought against Defendant City of Sacramento.  Moreover, although the Tenth Cause of Action does not expressly cite 42 U.S.C. § 1983, it can reasonably be read as a Monell claim against Defendant City of Sacramento.

The Court's status/scheduling Order was filed on November 2, 2012. (Doc.#8) For reasons unclear to the Court, Defendants waited until April 2, 2014 to file the instant motion. The final pretrial conference is currently set for May 29, 2014 and the trial is set for June 30, 2014.

## II.   OPINION

### A.   Legal Standard

Rule 21 of the FRCP provides that a court "may . . . sever any claim against a party."  The Ninth Circuit has noted that "a district court's decision regarding severance may be set aside only for abuse of discretion."  Davis v. Mason Cnty., 927 F.2d 1473, 1479 (9th Cir. 1991), overruled on other grounds by Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1556 (9th Cir. 1992).  On a Rule 21 motion, the Court must first consider whether the parties were properly joined under Rule 20.  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  Even if the Court finds that the parties were properly joined, the Court may still grant the motion to sever upon a finding that (1) a joint trial would result in substantial prejudice to the moving party, or (2) a joint trial would result in substantial jury confusion.

B.  <u>Discussion</u>

Defendants argue that the Court should sever each individual Plaintiff's claims against Defendants, creating nine separate lawsuits. Defendants' primary argument is that Plaintiffs were improperly joined under Rule 20. Mot. at 2. Defendants also argue that failure to sever the individual Plaintiffs would create "severe and undue prejudice" to Defendants. Mot. at 2. Finally, Defendants argue that severance will prevent "confusion to a jury who would be hearing different factual scenarios they would need to separate and align with particular Plaintiffs and Defendants." Reply at 2. In a five-page opposition, Plaintiffs argue that "it is not the use of a K-9 that ties these plaintiffs together," but rather "it is the city policy" that justifies the joinder. Opp. at 4.

1.  <u>Rule 20(a) – Permissive Joinder</u>

Rule 20(a) of the FRCP governs "Permissive Joinder of Parties." Rule 20(a)(1) provides that "persons may join in one action as plaintiffs if: (A) they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Accordingly, plaintiffs are properly joined in an action if both of these requirements are satisfied.

In the case at bar, Plaintiffs' Tenth Cause of Action asserts a § 1983 <u>Monell</u> claim against Defendant City of Sacramento for deliberate indifference, on behalf of all Plaintiffs. SAC ¶¶ 51-54. The Tenth Cause of Action satisfies both prongs of Rule 20(a)(1). First, each Plaintiff's right to

4

relief under the Monell claim arises out of the same "series of transactions or occurrences" – namely, the City's alleged failure to address the pattern of misconduct by K-9 handlers.  Notably, the first prong of Rule 20(a)(1) does not require that *all* claims in the complaint arise from the same series of transactions or occurrences; rather it only requires that *any* claim for relief, common to all Plaintiffs, arises from the same series of transactions and occurrences.  Second, a common question of fact will arise in the action – namely, whether the City's acts or omissions in training K-9 handlers constituted deliberate indifference.

    Defendants' Motion to Sever fails to acknowledge that the City of Sacramento is a "common defendant" among all nine Plaintiffs.  Accordingly, contrary to Defendants' argument, each plaintiff's claim does not "arise[] from a unique and separate transaction or occurrence *against a separate and unique defendant*."  Mot. at 1 (emphasis added).  Therefore, Defendants' argument that Plaintiffs were improperly joined under Rule 20(a) has no merit.  Both prongs of Rule 20(a)(1) are satisfied and the joinder of Plaintiffs in a single action was not improper.

        2.    Prejudice to Individual Defendants

    Defendants argue that "severe and undue prejudice" would result from a joint trial.  Mot. at 2.  In a nearly identical case, the Ninth Circuit directly addressed and rejected this argument.  Davis v. Mason Cnty., 927 F.2d 1473, 1479 (9th Cir. 1991), overruled on other grounds by Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1556 (9th Cir. 1992).  In Davis, several plaintiffs brought a § 1983 action against a county, its

1  sheriff, and several deputies.  Id. at 1479.  Each plaintiff's
2  claim arose from a separate traffic stop by a separate officer –
3  and each stop culminated in the arrest and beating of that
4  individual plaintiff.  Id. at 1479.  The Ninth Circuit held that
5  the district court did not abuse its discretion when it denied
6  the defendants' motion to sever each plaintiff's § 1983 claim
7  into a separate trial.  Id. at 1480.  In part, defendants had
8  argued that prejudice would result from a joint trial because
9  "evidence of the series of incidents of excessive force involving
10 different police officers [would be] admissible against the
11 County and the Sheriff's Department," despite the fact that that
12 evidence "would have been inadmissible against individual
13 defendants not involved in the particular episode."  Id. at 1479.
14 The Ninth Circuit rejected that argument:

> "Yet, while severing the defendants would have surely eliminated this prejudice, severing the plaintiffs would not have solved the problem.  Even if each plaintiff had a separate trial, evidence of a pattern of misconduct would still have been admitted because each plaintiff . . . presented a claim against at least one defendant *and* against the County. Since defendants requested severance of the *plaintiffs*' claims, the court below did not abuse its discretion in rejecting the motion."  Id. at 1479-80 (emphasis in original).

21 The case at bar presents the same situation.  Even if the Court
22 were to grant Defendants' motion to sever each Plaintiff's claim
23 into a separate trial, the same evidence of each individual
24 incident would be admissible, at each trial, to show a pattern of
25 misconduct by Defendant City.  Just as in Davis, the motion
26 before the Court is to sever *Plaintiffs*, not Defendants.
27 Accordingly, the Court's denial of Defendants' motion to sever
28 would not result in any prejudice to individual Defendants.

6

### 3. Juror Confusion/Judicial Economy

Defendants argue that a joint trial would result in "confusion to the jury" and "would in no way promote judicial economy." Mot. at 2. Plaintiffs do not address the issue of jury confusion, but do note that "severance and litigating separately would be an extreme waste of court time." Opp. at 2-3.

Evaluation of these factors is soundly within the Court's discretion. Davis, 927 F.2d at 1479. Proper jury instructions would substantially mitigate any potential juror confusion. Moreover, the interest of judicial economy cuts strongly in favor of holding a joint trial: holding nine separate trials would not only be substantially burdensome on the Court's calendar, but would also likely result in the repeated presentation of identical evidence against Defendant City at each trial. Accordingly, the factors of juror confusion and judicial economy do not support Defendants' motion.

Finally, Defendants failed to explain why they waited over two years (and approximately two months before the trial date) to file this motion. Such a last minute request for relief that would cause significant disruption to the Court's calendar is neither encouraged nor, as in this case, likely to be granted.

### III. ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion to Sever:

IT IS SO ORDERED.

Dated: May 9, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE