UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONTRE KNIGHT, et al.,<br><br>              Plaintiffs,<br><br>     v.<br><br>CITY OF SACRAMENTO POLICE DEPARTMENT, DOG HANDLERS AARON THOMPSON, GARY DAHL, JOHN AZEVEDO, and DOES 1 through 50, inclusive,<br><br>              Defendants. | No.  2:12-cv-00346 JAM KJN<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND MOTION FOR NEW TRIAL** |

   This matter is before the Court on Plaintiffs Vontre Knight et al.'s ("Plaintiffs") Motion for Judgment Notwithstanding the Verdict and Motion for New Trial (Doc. #83).  Defendants City of Sacramento, et al. ("Defendants") opposed Plaintiffs' motion (Doc. #86) and Plaintiffs did not file a reply.  After reviewing the briefs, the Court invited the parties to submit further briefing with regard to City of Los Angeles v. Heller, 475 U.S. 796 (1986).  Defendants submitted a two page response (Doc. #89) and Plaintiffs failed to submit any supplemental briefing.  For the following reasons, Plaintiffs' motion is DENIED.

I.   OPINION

The sole argument made by Plaintiffs in support of their motion is that the verdict forms "contain an erroneous direction" which "automatically released the City of Sacramento" in the event that the jury found in favor of the individual officer defendant on the § 1983 claim.  Mot. at 2.  Defendants argue that Plaintiffs' motion is procedurally barred for several reasons.  However, the Court need not address Defendants' procedural arguments because Plaintiffs' argument is expressly foreclosed by Supreme Court precedent.  City of Los Angeles v. Heller, 475 U.S. 796 (1986) is directly on point, and Plaintiffs have chosen not to argue otherwise.

In Heller, the Supreme Court considered a § 1983 action brought against a municipal entity defendant and individual police officer defendants.  Heller, 475 U.S. at 797.  Prior to the case reaching the Supreme Court, the district court had held a bifurcated trial, first hearing the plaintiff's § 1983 claim against one of the individual police officers.  Heller, 475 U.S. at 797.  After the jury returned a verdict for one of the individual officer defendants, the district court then dismissed the § 1983 action against the city defendant, "concluding that if the police officer had been exonerated by the jury there could be no basis for assertion of liability against the city[.]"  Heller, 475 U.S. at 798.  The Supreme Court held that this approach was proper, noting that "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."

Heller, 475 U.S. at 799 (emphasis in original).

In the case at bar, jurors were instructed – in a separate verdict form for each plaintiff – that they must find in favor of Defendant City on a plaintiff's § 1983 claim, provided that they found in favor of the individual officer defendant on that plaintiff's § 1983 claim.  Contrary to Plaintiffs' argument, this instruction is not erroneous and is consistent with – indeed required by – the Supreme Court's holding in Heller.  Although the Heller Court indicated that this instruction might be inappropriate if the jury had been instructed as to an affirmative defense for the individual officer or the plaintiff had requested injunctive relief, neither of these circumstances are present here.  Heller, 475 U.S. at 798.  Accordingly, the challenged instruction was proper.

## II.   ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' Motion for Judgment Notwithstanding the Verdict and Motion for New Trial.

IT IS SO ORDERED.

Dated: September 18, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE